IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| DANA MICHELLE JOHNSTON, et al., § | |
| § | |
| Plaintiffs, § | |
| § | |
| v. § | CIVIL ACTION NO. G-06-460 |
| § | |
| FOREST OIL CORP., et al., § | |
| § | |
| Defendants. § | |

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

This case arises out of the death of Marion Yeager Jr. ("Yeager") during the course and scope of his employment on a fixed platform off the coast of Galveston. Now before the Court are Defendants Forest Oil Corporation, Halliburton Company, and Halliburton Energy Services's Motions to Dismiss for Failure to State a Claim and For Failure to Join a Necessary Party. For the reasons stated below, the Motions to Dismiss are **DENIED.**[1]

**I. Background**

Dana Johnston ("Plaintiff") is suing Defendants pursuant to the Texas Wrongful Death Act for damages suffered as the result of Yeager's death.[2] Plaintiff claims that she was the common-law wife of Yeager and is therefore entitled to make claims as his surviving spouse. Defendants essentially argue that since Plaintiff is a resident of Mississippi, a state which does not recognize

---

[1] The Court does not consider this Order worthy of publication. Accordingly, it has not requested and does not authorize publication.

[2] This case was originally filed in the 56th Judicial District Court of Galveston County. It was removed to this Court on July 13, 2006 pursuant to this Court's federal question jurisdiction. There has been no Motion to Remand.

1

common-law marriage, she cannot make a claim based on her status as a common-law spouse. Accordingly, all Defendants have moved to dismiss this case pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

Defendants have also moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a necessary party. They argue that Plaintiff has failed to join one of Yeager's minor children, and that this case cannot proceed without the presence of that daughter.

**II. Analysis**

*A. Plaintiff's Status as Yeager's Informal Spouse*

A party is entitled to dismissal under Fed. R. Civ. P. 12(b)(6) when an opposing party fails to state a claim upon which relief may be granted. When considering a motion to dismiss for failure to state a claim, the Court accepts as true all well-pleaded allegations in the complaint and views them in the light most favorable to the plaintiff. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (noting that a court must construe the complaint liberally in favor of the plaintiff); *see also Malina v. Gonzales*, 994 F.2d 1121, 1125 (5th Cir. 1993). "A motion to dismiss under Rule 12(b)(6) is viewed with disfavor and is rarely granted." *Collins*, 224 F.3d at 498. A motion to dismiss should be granted only when it appears without a doubt that a plaintiff can prove no set of facts in support of his claims that would entitle him to relief. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514, 122 S. Ct. 992, 998, 152 L. Ed. 2d 1 (2002); *see also Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S. Ct. 99, 102, 2 L. Ed. 2d 80 (1957); *see Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994).

Plaintiff is asserting claims pursuant to the Texas Wrongful Death Act ("the Act"), which limits claimants as follows: "[a]n action to recover damages as provided by this subchapter is for the

exclusive benefit of the surviving spouse, children, and parents of the deceased." TEX. CIV. PRAC. & REM. CODE § 71.004(a) (Vernon 1997). Accordingly, to be eligible to bring suit pursuant to the Act, Plaintiff must show that she is among those enumerated in the statute, namely, Yeager's wife. In this case, there is no contention that Yeager and Plaintiff were ever ceremonially married. Rather, Plaintiff claims that she was Yeager's common-law wife, a status recognized by Texas law through the statutory creation of informal marriage. *See* TEX. FAM. CODE § 2.401(a)(2) (Vernon 2006). If Plaintiff was in fact Yeager's common-law wife at the time of his death, she is eligible to assert a claim under the Texas Wrongful Death Act. Alternatively, if Plaintiff cannot prove her status as a surviving spouse, she cannot recover under the Texas Wrongful Death Act.

Defendants argue that Plaintiff cannot prove she is Yeager's surviving spouse. Specifically, Defendants point out that Texas courts and the Fifth Circuit consider the law of the domicile of the parties to the alleged informal marriage to determine the validity of such marriage. *See Mpiliris v. Hellenic Lines, Ltd.*, 323 F. Supp. 865, 878 (S. D. Tex. 1970); *Texas Employers' Ins. Ass'n v. Borum*, 834 S.W.2d 395 (Tex. App.–San Antonio, 1992, writ denied). Plaintiff's Complaint states that she is a resident of Mississippi, a state which does not recognize the validity of common-law or informal marriage. MISS. CODE ANN. § 93-1-15. Accordingly, Defendants argue that Plaintiff cannot be Yeager's common-law spouse, and she cannot recover pursuant to the Texas Wrongful Death Act.

Defendants' arguments are well-taken. However, they do not meet the burden imposed by Rule 12(b)(6). At this stage in the proceedings, Plaintiff is merely required to present facts which state a claim for which relief can be granted. Plaintiff has met this very low burden by alleging that she was the common-law wife of decedent. Her statement that she is currently a resident of Mississippi does not render her claims completely untenable, since there is at least some possibility

3

of a factual scenario in which Plaintiff and Yeager were residents of Texas at the time of his death, and Plaintiff has subsequently moved to Mississippi. Plaintiff's assertion that she was Yeager's common-law wife does not yet require proof and is more than a mere conclusory statement. Rather it was offered as initial evidence that she is entitled to recover under the relevant statutory scheme. Though Plaintiff's Complaint does not fail to state a claim, Defendants are advised to re-urge their arguments upon a Motion for Summary Judgement at such time as this case has been developed through further discovery.

### B. Failure to Join a Necessary Party

Defendants also argue that this case should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7) for failure to join a necessary party. Specifically, Defendants claim that Yeager had a minor child who may be entitled to relief but who is not a Party to this lawsuit. In an ideal world, all possible Plaintiffs would present their cases at one time. However, it is neither Plaintiff's responsibility nor obligation to force an unwilling participant into this litigation. To find otherwise would deprive Plaintiff of a timely resolution of her legal rights. Moreover, if Defendants feel that they will be unduly prejudiced by the minor child's absence, they are free to add her as a third party and then request a realignment of the Parties. This Court is unwilling to find that Plaintiff's Complaint should be dismissed pursuant to Rule 12(b)(7).

### III. Conclusion

For the reasons stated above, the Defendants' Motions to Dismiss are **DENIED.** Each Party is to bear its own taxable costs, expenses, and attorney's fees incurred herein to date.

**IT IS SO ORDERED**.

**DONE** this 2nd day of November, 2006, at Galveston, Texas.

_____
Samuel B. Kent
United States District Judge